IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| F & V CORPORATION, d/b/a BULLETPOINT MOUNTING SOLUTIONS § § § | |
| Plaintiff, § | Case No. 3:22-cv-00607 |
| § | |
| v. § | Judge Jack Zouhary |
| § | |
| 67 DESIGNS, LLC, WILD WEST INVESTMENTS, LLC, and GAVIN STENER § § § § | JURY TRIAL DEMANDED |
| § | |
| Defendants. § | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S VERIFIED AMENDED COMPLAINT**

Defendants, 67 Designs, LLC, Wild West Investments, LLC, and Gavin Stener ("Defendants"), through counsel, file this Answer to Plaintiff's Verified Amended Complaint (Doc. #28), and would respectfully show the following:

**ANSWER**

1. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

2. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

3. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

4. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

5. Defendants lack knowledge or information sufficient to admit or deny; therefore, denied.

6. Admitted.

7. Admitted.

8. Admitted

9. Admitted, except to the extent that any of the allegations in paragraph 8 may be intended to suggest that this Court has personal jurisdiction over Defendants, which is denied.

10. Denied.

11. Denied.

12. Denied.

13. Defendants lack knowledge or information sufficient to admit or deny; therefore, denied.

14. Defendants lack knowledge or information sufficient to admit or deny; therefore, denied.

15. Admitted that Defendants' products include mounting bases. Otherwise, Defendants lack knowledge or information sufficient to admit or deny; therefore, denied.

16. Defendants lack knowledge or information sufficient to admit or deny; therefore, denied.

17. Defendants admit that Plaintiff sells the product pictured at ¶ 17(d). Otherwise, Defendants lack knowledge or information sufficient to admit or deny; therefore, denied.

18. Admitted.

19. Admitted that the TacoBar is sold on Plaintiff's website and Amazon store. Otherwise, denied.

20. Defendants lack knowledge or information sufficient to admit or deny; therefore, denied.

21. Admitted that other sellers offer ball and socket mounts. Otherwise, denied.

22. Admitted that other Amazon sellers offer ball and socket mounts. Otherwise, Defendants lack knowledge or information sufficient to admit or deny; therefore, denied.

23. Denied.

24. Admitted that USPTO issued Trademark Registration 6,649,626 in Class 9 on February 22, 2022. Otherwise, denied.

25. Denied.

26. Admitted.

27. Admitted.

28. Defendants deny that all of its products bear a 67 Designs logo. Otherwise, admitted.

29. Defendants lack knowledge or information sufficient to admit or deny; therefore, denied.

30. Admitted that Plaintiff sells the product pictured at ¶ 17(d) on Amazon.com and its own website. Otherwise, Defendants lack knowledge or information sufficient to admit or deny; therefore, denied.

31. Admitted that 67 Designs does not presently sell through Amazon. Otherwise, denied.

32. Admit that Defendants contacted Amazon to report Plaintiff's infringement of Defendants' trademark. Otherwise, denied.

33. Defendants lack knowledge or information sufficient to admit or deny; therefore, denied.

34. Admit that Defendants contacted Amazon to report Plaintiff's infringement of Defendants' trademark. Otherwise, denied.

35. Defendants lack knowledge or information sufficient to admit or deny; therefore, denied.

36. Admit that Defendants contacted Amazon to report Plaintiff's infringement of Defendants' trademark. Otherwise, denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Defendants lack knowledge or information sufficient to admit or deny; therefore, denied.

42. Defendants lack knowledge or information sufficient to admit or deny; therefore, denied.

43. Defendants lack knowledge or information sufficient to admit or deny; therefore, denied.

44. Defendants lack knowledge or information sufficient to admit or deny; therefore, denied.

45. Defendants lack knowledge or information sufficient to admit or deny; therefore, denied.

46. Defendants lack knowledge or information sufficient to admit or deny; therefore, denied.

47. Defendants lack knowledge or information sufficient to admit or deny; therefore, denied.

48. Defendants lack knowledge or information sufficient to admit or deny; therefore, denied.

49. Defendants lack knowledge or information sufficient to admit or deny; therefore, denied.

50. Defendants lack knowledge or information sufficient to admit or deny; therefore, denied.

51. Defendants lack knowledge or information sufficient to admit or deny; therefore, denied.

52. Denied.

53. Defendants lack knowledge or information sufficient to admit or deny; therefore, denied.

54. Defendants lack knowledge or information sufficient to admit or deny; therefore, denied. Defendants specifically deny that they have irreparably harmed Plaintiff or its sales in any way.

55. Defendants lack knowledge or information sufficient to admit or deny; therefore, denied. Defendants specifically deny that they submitted a "false" notification to Amazon.

56. Admitted.

57. Denied.

58. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

59. Admitted.

60. Denied.

61. Admitted.

62. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

63. Denied.

ANSWER TO AMENDED COMPLAINT 7

64. Admitted that Defendants' products are marketed to "sophisticated" buyers. Otherwise, denied.

65. Admitted.

66. Denied.

67. Dnied.

68. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

69. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

70. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

71. Defendants incorporate their averments, admissions, denials, and responses to Paragraphs 1-46 of the Complaint as if fully rewritten herein.

72. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

73. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

74. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

75. Defendants incorporate their averments, admissions, denials, and responses to Paragraphs 1-74 of the Complaint as if fully rewritten herein.

76. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

ANSWER TO AMENDED COMPLAINT                                                               8

77. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

78. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

79. Defendants incorporate their averments, admissions, denials, and responses to Paragraphs 1-78 of the Complaint as if fully rewritten herein.

80. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

81. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

82. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

83. Defendants incorporate their averments, admissions, denials, and responses to Paragraphs 1-82 of the Complaint as if fully rewritten herein.

84. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

85. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

86. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

87. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

88. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

89. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

90. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

91. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

92. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

93. Defendants incorporate their averments, admissions, denials, and responses to Paragraphs 1-92 of the Complaint as if fully rewritten herein.

94. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

95. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

96. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

97. Defendants incorporate their averments, admissions, denials, and responses to Paragraphs 1-96 of the Complaint as if fully rewritten herein.

98. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

99. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

100. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

101. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

102. States legal claims and conclusions that do not need to be admitted or denied; nevertheless, denied.

    A. Request for relief. Denied.

    B. Request for relief. Denied.

    C. Request for relief. Denied.

    D. Request for relief. Denied.

    E. Request for relief. Denied.

    F. Request for relief. Denied.

    G. Request for relief. Denied.

    H. Request for relief. Denied.

    I. Request for relief. Denied.

    J. Request for relief. Denied.

## AFFIRMATIVE DEFENSES

1. This Court lacks personal jurisdiction over the Defendants for the reasons stated in Defendants' Motion to Dismiss.

2. This Court is an improper venue for this action for the reasons stated in Defendants' Motion to Transfer Venue.

3. Plaintiff's Complaint, in one or more of its counts, fails to state a claim for which relief may be granted.

4. Defendants assert that any interference by them with any contract, business relation, or prospective economic advantage of the Plaintiff was and is privileged and justified.

5.      Defendants assert that Plaintiff caused or contributed to its own injuries, and that it is solely at fault or bears some measure of proportionate responsibility for its damages.

6.      Defendants assert that third parties caused or contributed to Plaintiff's injuries, and that such third parties are solely at fault or bear some measure of proportionate responsibility for Plaintiff's damages.

7.      Defendants assert that Plaintiff has failed to join necessary parties, namely Amazon.com.

8.      Defendants assert that Plaintiff has failed to mitigate its damages.

9.      Defendants assert the defense of illegality on the grounds that any contract and/or business interest interfered with was illegal and/or void as contrary to public policy.

10.     Defendants assert the defense of estoppel.Respectfully Submitted,

/s/ James E. Sherry
Gerald R. Kowalski (0022323)
gkowalski@snlaw.com
Jennifer A. McHugh (0084842)
jmchugh@snlaw.com
Spengler Nathanson, P.L.
900 Adams Street
Toledo, OH 43604
(419) 241-2201 – Phone
(419) 241-8599 – Fax

James E. Sherry (*pro hac vice*)
jsherry@mccathernlaw.com
McCathern Shokouhi Evans & Grinke, PLLC
3710 Rawlins St., Suite 1600
Dallas, TX 75219
(214) 741-2662 – Phone
(214) 741-4717 – Fax

**Attorneys for Defendants**

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues so triable.

/s/ James E. Sherry
James E. Sherry (*pro hac vice*)
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically this 19th day of July, 2022. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ James E. Sherry
James E. Sherry (*pro hac vice*)
*Attorney for Defendants*