IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| F & V CORPORATION, d/b/a<br>BULLETPOINT MOUNTING SOLUTIONS<br><br>　　　　Plaintiff,<br><br>v.<br><br>67 DESIGNS, LLC, WILD WEST<br>INVESTMENTS, LLC, and GAVIN<br>STENER<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:22-cv-00607<br><br>Judge Jack Zouhary |

**DEFENDANT GAVIN STENER'S MOTION TO DISMISS
AND MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Gavin Stener respectfully moves to dismiss this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Mr. Stener further moves pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings in his favor on Plaintiff's claim for tortious interference pursuant.

**F.R.C.P. 12(b)(2) - MOTION TO DISMISS**

Mr. Stener respectfully moves the Court to dismiss the claims against him, and to dismiss him from this action, because the Court lacks personal jurisdiction over him. *See* Fed. R. Civ. Pro. 12(b)(2). In support of this request, Mr. Stener respectfully refers to and incorporates the arguments and evidence already presented to the Court by Defendants 67 Designs LLC and Wild West Investments LLC in their earlier Motion to Dismiss (Doc. # 14), since the same arguments and evidence apply to Mr. Stener's jurisdictional challenge. In deference to the Court's Order denying the earlier Motion to Dismiss (Doc. # 18), however, Mr. Stener will not further repeat those arguments here.

## F.R.C.P. 12(c) – MOTION FOR JUDGMENT ON THE PLEADINGS

Mr. Stener further respectfully moves pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings in his favor on Plaintiff's claim for tortious interference.

### A. Background and Summary

Plaintiff's only substantive cause of action against Mr. Stener (or any of the Defendants) is "Count 6 – Tortious Interference with a Business Relation." (Am. Comp. ¶¶ 97-101 (Doc. #28)). Specifically, Plaintiff alleges that the Defendants (including Mr. Stener) tortiously interfered with Plaintiff's business relationship with Amazon.com by filings notices with Amazon that certain of Plaintiff's products infringe Defendants' registered trademarks (the "626 Mark" and the "554 Mark"). (*Id.* ¶¶ 32-42, 971-101). Plaintiff admits that Defendants had duly registered the 626 Mark and the 554 Mark before Defendants submitted these infringement notices to Amazon.com. (*Id.* ¶¶ 24 & 27). Plaintiff's pleadings also contain images of the products that were the subject of Defendants' infringement notices, (*id.* ¶¶ 17(d) & 18), which the Court can compare for itself to the protected 626 Mark and 554 Mark, which are also on file as exhibits to the parties' pleadings (Doc. # 21-2 & # 26-1 at 9-10). Specifically, the parties' pleadings show that at the time Defendants submitted the infringement notices to Amazon.com, Plaintiff was: (1) selling a ball mount that exactly imitates the design mark protected by the 626 Mark; and (2) selling a mounting rail Plaintiff calls the "TacoBar" that is functionally equivalent to Defendants' competing product, which bears the protected 554 word Mark "TracoRail."

### B. Legal Standards

#### 1. Rule 12(c) Standard

A motion for judgment on the pleadings is generally decided according to the same standard as a motion to dismiss under Rule 12(b)(6). *See, e.g.*, *Barany-Snyder v. Weiner*, 539 F.3d 327, 331-332 (6th Cir. 2008). However, unlike in connection with a motion to dismiss, a court considering a

motion for judgment on the pleadings may consider not only the plaintiff's well-pleaded allegations, but also "matters of public record, orders, items appearing in the record of the case, and exhibits" attached to pleadings may also be considered. *Id.* (internal quotations omitted). When all of these materials are properly considered, judgment on the pleadings is proper "when no material issue of act exists and the party making the motion is entitled to judgment as a matter of law." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (internal quotations omitted).

### 2. Tortious Interference and Defense of Privilege and/or Justification

Under Ohio law, a party seeking to recover for tortious interference with a business relationship must prove, in addition to the other elements of the offense, that the Defendants' alleged acts of interference were not privileged (also referred to interchangeably as "justified" or "proper"). *See Havensure, LLC v. Prudential Ins. Co. of Am.*, 595 F.3d 312, 315 (6th Cir. 2010). "[I]nterference with a business relationship is not tortious if the interference is privileged," and "Ohio courts place the burden on the plaintiff show that the defendant's conduct was not privileged." *Id.* This means that the plaintiff must plead and prove "that the defendant's interference was improper." *Fred Sigel Co. v. Arter & Hadden*, 707 N.E.2d 853 (Ohio 1999). Whether or not an act of interference is proper (and therefore privileged) depends upon whether the defendant had a good faith basis to assert a legally protected interest of his own that he believes will be impaired or destroyed. *See, e.g., Benkovits v. Bandi*, 173 N.E.3d 864, 875 (Ohio Ct. App. 8th Dist. 2021); *Hicks v. Cadle Co.*, 150 N.E.3d 381, 404 (Ohio Ct. App. 11th Dist. 2019). In these decisions and others, the Ohio Courts have adopted the Restatement (Second) of Torts, which provides:

> One who, by asserting in good faith a legally protected interest of his own or threatening in good faith to protect the interest by appropriate means, intentionally causes a third person not to perform an existing contract or enter into a prospective contractual relation with another, does not interfere improperly with the other's relation if the actor believes that his interest may otherwise be impaired or destroyed by the performance of the contract or transaction.

Restatement (Second) Torts, § 773.

C. **Argument**

The Court should grant judgment on the pleadings in Mr. Stener's favor because Mr. Stener had a good faith basis to assert his own legally protected interest against impairment by Plaintiff, and his actions were therefore privileged.

Plaintiff concedes that the 626 and 554 marks were duly registered at the time Defendants submitted the infringement notices to Amazon. (Am. Compl. ¶¶ 24 & 27). As the holder of registered trademarks, Mr. Stener has the exclusive legal right to use the protected marks. *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 165-65 (1995); 15 U.S.C. § 1057(b). Although Plaintiff now challenges the validity and enforceability of the 626 Mark and 554 Mark, Mr. Stener certainly was entitled to rely in good faith on the U.S. Patent and Trademark Office's determination that his marks were valid and enforceable when taking action to protect his rights against others. Nor was there anything independently tortious or improper about *how* Mr. Stener acted to protect his rights: he submitted trademark infringement notices to Amazon using the online tool that Amazon provides for this purpose. (Am. Compl. ¶ 34 & Ex. C). Finally, the pleadings that this Court may consider in resolving this Motion leave no doubt as to the good faith basis for Mr. Stener's conclusion that Plaintiff's products infringe his marks: Plaintiff's ball mount, (Am. Compl. 17(d)), is identical in shape and design to the design protected by the 626 Mark, (*id.* ¶ 26). Likewise, Plaintiff's "TacoBar" product is functionally identical to Defendants' competing product, which bears the name "TacoRail" protected by the 554 Mark. (*Id.* ¶¶ 18, 27, 28). The obvious similarity – if not outright indistinguishability – of Plaintiff's products to Defendants' federally registered marks made it entirely proper for Mr. Stener to act as he did to protect his rights. As such, Mr. Stener is entitled to judgment on the pleadings in his favor on Plaintiff's claim for tortious interference.

**CONCLUSION**

For the foregoing reasons, Mr. Stener respectfully moves the Court to dismiss him from this

action for lack of personal jurisdiction, and for judgment on the pleadings in his favor on Plaintiff's claim for tortious interference.

        Respectfully Submitted,

*/s/ James E. Sherry*
Gerald R. Kowalski (0022323)
gkowalski@snlaw.com
Jennifer A. McHugh (0084842)
jmchugh@snlaw.com
Spengler Nathanson, P.L.
900 Adams Street
Toledo, OH 43604
(419) 241-2201 – Phone
(419) 241-8599 – Fax

James E. Sherry (*pro hac vice*)
jsherry@mccathernlaw.com
McCathern Shokouhi Evans & Grinke, PLLC
3710 Rawlins St., Suite 1600
Dallas, TX 75219
(214) 741-2662 – Phone
(214) 741-4717 – Fax

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically this 19th day of July, 2022. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ James E. Sherry*
James E. Sherry
*Attorney for Defendant*